PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. LUIS CRUZ MARTÍNEZ, Defendant and Appellant.

No. 5243. Argued April 10, 1934.—Decided April 19, 1934.

*J. Valldejuli Rodríguez* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Luis Cruz Martínez was convicted of sodomy and says that the district court erred in admitting a birth certificate. The document was offered in evidence in order to show that the victim of defendant's pederastic practices was under fourteen years of age and therefore not an accomplice. Defendant objected to this evidence on the ground that it was irrelevant and immaterial. We think the evidence was both relevant and material. See 23 Cal. Jur. 399, 402, sections 6 and 8.

Another contention is that the district court erred in permitting the district attorney to put a certain leading question to a physician who had already testified at some length. The question was never answered and no exception was taken to the ruling of the court. If the question had been answered in the affirmative the answer would have been a mere repetition of what the witness had previously stated without any prompting on the part of the district attorney and without any objection on the part of counsel for the defense. The error, if any, was harmless.

While the same physician was on the stand, the defendant objected to a part of his testimony on the ground that it referred to an examination made some time after the date upon which the offense was alleged to have been committed. The district attorney said that if the examination had been made prior to the date of the alleged offense testimony as to the result thereof would have no probative value. . The judge called attention to the fact that the prosecuting witness had testified to acts during a period which extended up to a time shortly preceding that of the physical examination.

Counsel for defendant answered that the acts specified in the information were alleged to have been committed in June. The district judge then expressed his opinion that the offense had been committed on the first occasion as well as on other occasions. But, insisted counsel for the defendant, the information refers to the first occasion, not to the second and third. The judge said that he would permit the question and defendant took an exception to this ruling. The third contention of appellant is that the district court erred in saying that the offense had been committed on the first as well as on subsequent occasions. The argument is that the remark showed a hostile attitude toward defendant and indicates that he did not have a fair and impartial trial. The case was tried without a jury and, even if there had been a jury, no exception was taken to the remark in question. Nor do we find therein any indication that the trial judge was hostile or inclined to be unfair to defendant.

The fourth assignment is that the court erred in convicting defendant upon the uncorroborated testimony of an accomplice. The brief for appellant does not convince us that the prosecuting witness was an accomplice. None of the cases cited by appellant is the case of a prosecuting witness under the age of fourteen. Nevertheless, we have read the testimony and this likewise has not convinced us that the prosecuting witness was an accomplice. See 23 Cal. Jur., *supra;* 8 Cal. Jur. 176, par. 254.

Other contentions are that the court erred in admitting a certain letter in evidence, that the judgment is contrary to the evidence and that the judge did not give due weight to the evidence adduced by defendant. The letter was never admitted in evidence; the judgment was not contrary to the evidence and the trial judge did not err in weighing defendant's testimony.

The judgment appealed from must be affirmed.